

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2002

# USA v. Pierre

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1693

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Pierre" (2002). *2002 Decisions.* Paper 354.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/354

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 01-1693

———————

THE UNITED STATES OF AMERICA

v.

WILZA PIERRE,

Appellant

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 00-238-03)
District Judge: The Hon. Alfred J. Lechner

———————

Submitted Under Third Circuit LAR 34.1(a)
June 7, 2002

———————

BEFORE: SLOVITER, NYGAARD, and BARRY,   Circuit Judges.

(Filed:  June 11, 2002)

———————

OPINION OF THE COURT
———————

NYGAARD, Circuit Judge.

This is an appeal by Appellant, Wilza Pierre from the judgment of the District Court in a criminal case following a bargained-for guilty plea.  Pierre's counsel has filed a brief pursuant to Anders v. California, 738 (1967), representing that there are no non-frivolous issues for appeal.  The brief refers to those portions of the record that might arguably support an appeal and to the law relevant to guilty pleas.

As a general rule, the entry of a guilty plea constitutes a waiver of virtually all possible claims for appellate relief except (1) a claim that the court lacked jurisdiction to accept the plea; (2) a claim that the plea was invalid, according to applicable constitutional and statutory standards; and (3) a claim that the sentence is illegal.  See United States v. Broce, 488 U.S. 563 (1989); Tollett v. Henderson, 411 U.S. 258 (1973).  Since a guilty plea constitutes an admission that a defendant committed the charged crimes, any claim that is inconsistent with an admission of guilt generally is waived by the plea.  See Broce, 488 U.S. at 570-75.  The guilty plea colloquy conducted by the District Court in this case was extensive and in conformity with the requisites of Rule 11(c) of the Federal Rules of Criminal Procedure.

In United States v. Marvin, 211 F.3d 778 (3d Cir. 2000), we reconfirmed the duty of counsel filing Anders briefs to attempt to uncover the best arguments for his or her client, and to explain the faults in possible arguments.  We have independently examined the scant record in this case, and find nothing that would require counsel to do more than he has done already.  He fairly represents that the Rule 11 colloquy was sufficient.  This

case is essentially straightforward and there do not appear to be any other issues that might be subject to possible appeal.  Therefore, the judgment of the District Court will be affirmed.

_____

TO THE CLERK:
    Please file the foregoing opinion.

                _____/s/ Richard L. Nygaard_____
                        Circuit Judge